**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division**

| | |
|---|---|
| **JESSICA HARRIS,**<br><br>**Plaintiff,**<br><br>v.<br><br>**BLUEMERCURY, INC.,**<br><br>**Defendant.** | **Case No. 8:21-cv-00031-PWG** |

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF
DISCOVERY MATERIAL AND DISCLOSURE OF PRIVILEGED MATERIAL**

Whereas, Plaintiff Jessica Harris and Defendant Bluemercury. Inc. (collectively the "Parties"), have stipulated that certain discovery material be treated as confidential and that the attorney-client privilege and work product protection shall not be waived under certain circumstances as specified herein;

Accordingly, it is this 28th day of _____September_____, 2021, by the United States District Court for the District of Maryland, ORDERED:

1.      **Designation of Discovery Materials as Confidential.**  All documents produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

(a)      The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information which is in fact confidential. A party shall not routinely

1

designate material as "CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation. Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(b)      Portions of depositions of a party or its present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

(c)      Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals). The parties shall not disclose information or documents designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes has/have been certified.

(d)      The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i)      Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii)      Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(iii)      Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

(iv)      Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "third parties") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any third-party, the third-party must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence by signing the attached Acknowledgement.

3

(v)     Disclosure may be made to other third parties only upon written consent of the producing party.

(e)     Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(f)     All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

2.     **Confidential Information Filed with Court.** To the extent that any materials subject to this Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph (4) of this Confidentiality Order.

3.     **Party Seeking Greater Protection Must Obtain Further Order.** No information may be withheld from discovery on the ground that the material to be disclosed requires protection

753084d86cfb4414

greater than that afforded by paragraph (1) of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P.26(c).

4.      **Challenging Designation of Confidentiality.** A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

5.      **Return of Confidential Material at Conclusion of Litigation.** At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

6.      **Non-Waiver of Attorney-Client Privilege and Work Product Protection.** Pursuant to Fed. R. Evid. 502(d) and (e), the disclosure during discovery of any communication or information (hereinafter "Document") that is protected by the attorney-client privilege ("Privilege" or "Privileged," as the case may be) or work-product protection ("Protection" or "Protected," as the case may be), as defined by Fed. R. Evid. 502(g), shall not waive the Privilege or Protection in the above-captioned case, or any other federal or state proceeding, for either that Document or the subject matter of that Document, unless there is an intentional waiver of the Privilege or Protection to support an affirmative use of the Document in support of the party's claim or defense, in which event the scope of any such waiver shall be determined by Fed. R. Evid. 502(a)(2) and (3). The parties intend that this stipulated order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, all disclosures not made to support an affirmative use of the Document in support of a party's claim or defense shall be regarded as "inadvertent," and the producing party is hereby

deemed to have taken "reasonable steps to prevent disclosure," regardless of any argument or circumstances suggesting otherwise.

7.      **Return of Privileged or Protected Materials**.  Except when the requesting party contests the validity of the underlying claim of Privilege or Protection (including a challenge to the reasonableness of the timing or substance of the measures undertaken by the producing party to retrieve the Document(s) in question), any Document(s) the producing party claims as Privileged or Protected shall, upon written request, promptly be returned to the producing party and/or destroyed, at the producing party's option. If the underlying claim of Privilege or Protection is contested, the parties shall comply with, and the requesting party may promptly seek a judicial determination of the matter pursuant to, Fed. R. Civ. P. 26(b)(5)(B). In assessing the validity of any claim of Privilege or Protection, the court shall not consider the provisions of Fed. R. Evid. 502(b)(1) and (2), but shall consider whether timely and otherwise reasonable steps were taken by the producing party to request the return or destruction[1] of the Document once the producing party had actual knowledge[2] of (i) the circumstances giving rise to the claim of Privilege or Protection and (ii) the production of the Document in question.

8.      **No Waivers.**  The failure to insist upon full compliance with any of the terms of this Order in any instance shall not be deemed to be a waiver of the subsequent right to insist upon full compliance with those terms.

---

[1] For purposes of paragraphs 5 & 7, "destroyed" shall mean that the paper versions are shredded, that active electronic versions are deleted, and that no effort shall be made to recover versions that are not readily accessible, such as those on backup media or only recoverable through forensic means.

[2] For purposes of paragraph 7, "actual knowledge" refers to the actual knowledge of an attorney of record or other attorney with lead responsibilities in the litigation (for example, lead counsel, trial counsel, or a senior attorney with managerial responsibilities for the litigation).

9.      **A Party's Use of Its Own Confidential Information**.  The prohibitions of this Order do not restrict a party with respect to its own documents or information, including, but not limited to, a party's use of its own Confidential Information in filings with the Court and/or in the regular course of its business.

        SO ORDERED.


Date: <u>September 28, 2021</u>                    _____/S/_____
                                    HON. PAUL W. GRIMM
                                    UNITED STATES DISTRICT JUDGE

Dated:  September 27, 2021                        Respectfully Submitted,


/s/ Daniel E. Kenney *                            /s/ Matthew F. Nieman
Daniel E. Kenney, Esq. (Bar No. 18369)            Matthew F. Nieman (Bar No. 17558)
DK Associates, LLC                                Janea J. Hawkins (Bar No. 21696)
5425 Wisconsin Avenue, Suite 600                  Jackson Lewis, P.C.
Chevy Chase, MD 20815                             10701 Parkridge Blvd., Suite 300
dan@dkemployment.com                              Reston, VA 20191
                                                  (703) 483-8331 - Telephone
                                                  (703) – 483-8301 - Facsimile
                                                  Matthew.Nieman@jacksonlewis.com
                                                  Janea.Hawkins@jacksonlewis.com


Morris E. Fischer, Esq. (Bar No. 26286)           Matthew S. Hendricks (admitted *pro hac* vice)
Morris E. Fischer, LLC                            Macy's Law Department
8720 Georgia Ave., Suite 210                      11477 Olde Cabin Road, Suite 400
Silver Spring, MD 20910                           (314)-342-6354 – Telephone
morris@mfischerlaw.com                            (314)-342-6452- Facsimile
                                                  Matthew.Hendricks@macys.com

*Counsel for Plaintiff*                            *Counsel for Defendant*

*\*Signed by permission of Daniel E. Kenney*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| **JESSICA HARRIS,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 8:21-cv-00031-PWG** |
| **BLUEMERCURY, INC.,** | |
| **Defendant.** | |

## ACKNOWLEDGEMENT

I certify that I have received and read a copy of the Stipulated Order Regarding Confidentiality of Discovery Material ("Order") entered in the above-captioned matter and that I agree to be bound by the terms of the Order. I consent and agree to be subject to the jurisdiction and authority of the United States District Court for the District of Maryland for purposes of enforcement of the Order.

_____                    _____

Date                                                              [Third-party Name]